Priority ✓
Send ✓
Enter ✓
Closed
JS-5/JS-6 ✓
JS-2/JS-3 ——
Scan Only ——



FILED
CLERK, U.S. DISTRICT COURT

MAY — 1 2002

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| xSTORE, Inc., a Delaware corporation, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| MICROTEST, INC., a Delaware corporation, MICROTEST, LLC, a Delaware limited liability company, FLUKE NETWORKS, INC., a Washington corporation, VINCENT C. HREN, JAMES E. BOREN, WILLIAM R. CROWELL, and DOES 1 through 10, inclusive, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) ) |

CV 01-11058-SVW (SHx)

ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS

✓ Docketed
✓ Copies/NTC Sent
—— JS - 5 / JS - 6
—— JS - 2 / JS - 3
—— CLSD

ENTERED ON ICMS

            1 2002

CV

I.    INTRODUCTION

     Plaintiff brings an action against Defendants based on section

43(a) of the Lanham Act, as well as a host of state law claims for

unfair competition, misrepresentation, and breach of contract.  These

claims all arise from alleged misrepresentations made in the course

of arms-length negotiations between the parties over the sale of a

product.

     Defendants bring a motion to dismiss the Lanham Act claim

pursuant to Rule 12(b)(6), and subsequently to dismiss the remaining

state law claims for lack of original jurisdiction.  Two individual



1 | Defendants also bring a motion to dismiss for lack of personal
2 | jurisdiction.

3 | As set forth below, Defendant's motion to dismiss the Lanham Act
4 | claim is GRANTED.  Since the Court no longer has subject matter
5 | jurisdiction over this action as a result of its decision, the Court
6 | declines to rule on the issue of personal jurisdiction.

7 |

8 | **II.  FACTUAL / PROCEDURAL BACKGROUND**

9 | Plaintiff xStore contracted to purchase the DiscZerver product
10 | line from Defendant Microtest.  DiscZerver is a product that provides
11 | users with network attached storage and is comprised of both hardware
12 | and software.  The software is comprised, in part, of copyrighted
13 | programs and Linux source code obtained pursuant to the GNU General
14 | Public License ("GPL").  As part of the negotiations for the purchase
15 | of DiscZerver, Microtest allegedly represented that the product was
16 | in compliance with industry (Linux/GPL) requirements, and did not
17 | infringe upon anyone else's intellectual property rights.  However,
18 | according to Plaintiff, the product actually had incorporated certain
19 | licenced copyrighted source code into the software, which was then
20 | modified and allegedly represented to be Microtest's proprietary
21 | product.

22 | It is this alleged misrepresentation upon which Plaintiff bases
23 | its Lanham Act claim.

24 | Defendants bring two separate motions to dismiss.  The first is
25 | by Defendants Microtest, LLC (formerly Microtest, Inc.), Fluke
26 | Networks, Inc., and James E. Boren, for failure to state a claim
27 | under the Lanham Act pursuant to Rule 12(b)(6).  The second motion is
28 |

1 | by Defendants William R. Crowell and Vincent C. Hren pursuant to Rule

2 | 12(b)(2) for lack of personal jurisdiction, and Rule 12(b)(6) for

3 | failure to allege sufficient facts to support a claim for (i) a

4 | Lanham Act violation, (ii) fraud, and (iii) violation of California's

5 | unfair competition laws.

6 |

7 | **III. DISCUSSION**

8 |     **A.   Rule 12(b)(6) Standards**

9 |     Defendants' motion alleges that, pursuant to Fed. R. Civ. P.

10 | 12(b)(6), Plaintiff has failed to state a claim upon which relief may

11 | be granted.

12 |     In evaluating a motion to dismiss under Rule 12(b)(6), the Court

13 | must accept all allegations of material fact in the complaint as

14 | true, and construe the facts in the light most favorable to the

15 | nonmoving party. <u>See</u>, <u>e.g.</u>, <u>Cahill v. Liberty Mutual Ins. Co.</u>, 80

16 | F.3d 336, 337-38 (9th Cir. 1996).

17 |     A complaint must allege "specific wrongdoing" sufficient to

18 | state a claim for relief. <u>See</u> <u>Johnson v. Regan</u>, 524 F.2d 1123, 1124

19 | (9th Cir. 1975). When considering a motion to dismiss, the Court

20 | need not accept as true conclusionary allegations or legal

21 | characterizations. Nor need it accept unreasonable inferences or

22 | unwarranted deductions of fact. <u>See</u> <u>Transphase Systems, Inc. v.</u>

23 | <u>Southern California Edison Co.</u>, 839 F.Supp. 711, 718 (C.D. Cal.

24 | 1993). Nor need the Court assume that Plaintiff can prove facts

25 | different from those it has alleged. <u>See</u> <u>Associated Gen. Contractors</u>

26 | <u>of California v. California State Council of Carpenters</u>, 459 U.S.

27 | 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983).

28 |

**B.   Lanham Act Requirements**

Plaintiff brings its federal claims pursuant to section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)(1)).  That section provides the following:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which--
>
> (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

Section 1125(a)(1)(A) is generally known as false association, or trademark infringement/false designation of origin.  Section 1125(a)(1)(B) is generally known as false advertising.  <u>See</u> <u>Waits v. Frito-Lay, Inc.</u>, 978 F.2d 1093, 1108 (9th Cir. 1992) (en banc);

-4-

Summit Technology, Inc. v. High-Line Medical Instruments, Co., 933
F.Supp. 918, 928 (C.D. Cal. 1996).

Although, in its complaint, Plaintiff asserts a claim under both
subsection (A) (false association) and (B) (false advertising), in
its opposition brief, Plaintiff only argues that its false
association claim is viable.  Furthermore, Plaintiff only contends
that the offending misrepresentations consist of Microtest's alleged
misrepresentations regarding DiscZerver's industry compliance, and
DiscZerver's non-infringement on anyone's intellectual property
rights.  See xStore's Memorandum of Points and Authorities in
Opposition to Defendant's Motion to Dismiss Lanham Act Claims
("Plaintiff's Opp'n"), at 1; First Amended Complaint ("FAC"), at ¶¶
15, 19, 26, 65.[1]

###   C.    False Association

Plaintiff must plead the following elements in order to state a
claim for false association: (1) defendant uses a designation (any
word, term, name, device, or any combination thereof) or false
designation of origin; (2) the use was in interstate commerce; (3)
the use was in connection with goods or services; (4) the designation
or false designation is likely to cause confusion, mistake, or
deception as to (a) the affiliation, connection, or association of

---

[1]    In the complaint, Plaintiff also claims that Defendants
misrepresented that the DiscZerver chips would not become obsolete
for another eighteen months, and that the DiscZerver boards sold to
xStore were of merchantable quality, free from defects of quality or
material, and were suited for their intended use.  See FAC, at ¶¶ 66-
67.  However, in its opposition brief, Plaintiff does not attempt to
assert that either of these statements qualify as misrepresentations
suitable for a false association/designation of origin claim or a
false advertising claim.

1  defendant with another person, or (b) as to the origin, sponsorship,

2  or approval of defendant's goods, services, or commercial activities

3  by another person; and (5) plaintiff has been or is likely to be

4  damaged by these acts.  See Summit Technology, Inc., 933 F.Supp. at

5  928; 3 J. Thomas McCarthy, McCarthy on Trademarks and Unfair

6  Competition, § 27:13 (4th ed. 2002).

7       "A likelihood of confusion exists when consumers 'are likely to

8  assume that a product or service is associated with a source other

9  than its actual source because of similarities between the two

10 sources' marks or marketing techniques.'"  Metro Publishing, Ltd. v.

11 San Jose Mercury News, 987 F.2d 637, 640 (9th Cir. 1993) (quoting

12 Nutri/System, Inc. v. Con-Stan Indus., Inc., 809 F.2d 601, 604 (9th

13 Cir. 1987) and Shakey's Inc. v. Covalt, 704 F.2d 426, 431 (9th Cir.

14 1983)).

15      Defendants argue that Plaintiff's false association claim fails

16 for two reasons: (1) Plaintiff does not have standing to assert a

17 false association of DiscZerver with other systems; and (2) Plaintiff

18 does not allege that Microtest's wrongful conduct falsely associates

19 DiscZerver with xStore or with any of xStore's products.

20      According to Waits v. Frito-Lay, Inc., "standing under section

21 43(a) exists where the interest asserted by the plaintiff is a

22 commercial interest protected by the Lanham Act."  Id., 978 F.2d at

23 1108.  If the party has a commercial interest in the product

24 wrongfully identified with another's mark, then that party will have

25 standing.  Id., at 1109.

26      Plaintiff argues that it has a reasonable interest to be

27 protected in this suit, and therefore it has standing to bring this

28

1  section 43(a) Lanham Act claim.  While this may be true, its

2  reasonable interest has nothing to do with a *likelihood of confusion*,

3  or a false association of DiscZerver with any other product.  The

4  harm caused by Defendants' alleged misrepresentation, and the reason

5  why Plaintiff was concerned in the first place, is because now xStore

6  is forced to rehabilitate the product to perform as represented, and

7  to obtain authorization from the Free Software Foundation to copy,

8  use, modify, publish, and/or distribute the product in compliance

9  with the GPL.  See FAC at ¶ 69.

10  That is not the type of injury or misrepresentation that the

11  Lanham Act was designed to protect.  The main goal of § 43(a) the

12  Lanham Act is to prevent consumer confusion regarding the source of

13  the goods or services produced.  See Thompson Medical Co. v. Pfizer,

14  Inc., 753 F.2d 208, 215 (2d Cir. 1985).

15  Essentially, false association manifests in two ways: passing

16  off and reverse passing off.  See, e.g., Sun Trading Distributing

17  Co., Inc. v. Evidence Music, Inc., 980 F.Supp. 722, 727 (S.D.N.Y.

18  1997).  To the extent that it would apply here, Defendants' actions

19  could be compared to reverse passing off, which occurs when "the

20  wrongdoer eliminates the designation of source from the plaintiff's

21  product and sells that product under its own name."  Id.  However, as

22  indicated by the description, such reverse passing off would require

23  that the false association be made with *the plaintiff's* product,

24  which is not the case here.  Furthermore, to the extent that xStore

25  can still claim injury even though it was not xStore's product that

26  was allegedly falsely associated with Defendants' product,

27  Plaintiff's injury is not the type against which the law prohibiting

28

1   reverse passing off was meant to protect.  Reverse passing off was

2   meant to protect the entity that owns the falsely associated product

3   because that entity is "involuntarily deprived of the advertising

4   value of its name and of the goodwill that otherwise would stem from

5   public knowledge of the true source of the satisfactory product."

6   Rosenfeld v. W.B. Saunders, Div. of Harcourt Brace Jovanovich, Inc.,

7   728 F.Supp. 236, 241 (S.D.N.Y. 1990), aff'd, 923 F.2d 845 (2d Cir.

8   1990).

9       Here, there was no deprivation of advertising value or goodwill.

10  There was only an alleged misrepresentation as to the compliance of

11  the product with industry requirements.  This misrepresentation,

12  occurring in arms-length dealing between Plaintiff and Defendants,

13  even if it did occur, is not alleged to be an attempt to convince

14  Plaintiff to purchase a product because of a false association with

15  another product, which would be the type of misrepresentation within

16  the scope of section 43(a) of the Lanham Act.  Instead, it was an

17  attempt to convince Plaintiff to purchase a product by allegedly

18  misrepresenting certain facts about the industry compliance and the

19  commercial viability of the product, which is not within the scope of

20  false association under section 43(a).

21      Thus, Plaintiff is attempting to federalize an action for

22  alleged misrepresentations made during the one-on-one negotiation of

23  a contract for sale of a product.  This is not what the Lanham Act

24  was meant to protect.  See Swartz v. Schaub, 826 F.Supp. 274, 276

25  (N.D. Ill. 1993) ("Essentially, [plaintiff] would seek to federalize

26  every contract for the sale of goods in which a buyer charges the

27  seller with misrepresentation, and the law simply does not support

28

1   that in a one-to-one transaction such as that involved here."); see

2   also Sun Trading Distributing Co., 980 F.Supp. at 730 ("The Lanham

3   Act should not be used to transform a breach of contract dispute into

4   a federal cause of action."). Therefore, Plaintiff has failed to

5   state a claim for false association under section 43(a) of the Lanham

6   Act.

7

8       **D.   False Advertising**

9       Although Plaintiff has not advanced its argument regarding false

10  advertising, if Plaintiff were to do so, it would need to plead the

11  following elements: (1) in its commercial advertisements, defendant

12  made false statements of fact about its own product; (2) those

13  advertisements actually deceived or have the tendency to deceive a

14  substantial segment of their audience; (3) such deception is

15  material, in that it is likely to influence the purchasing decision;

16  (4) defendant caused its falsely advertised goods to enter interstate

17  commerce; and (5) plaintiff has been or is likely to be injured as

18  the result of the foregoing either by direct diversion of sales from

19  itself to defendant, or by lessening of the good will which its

20  products enjoy with the buying public. See Cook, Perkiss and Liehe,

21  Inc. v. N. Calif. Collection Serv. Inc., 911 F.2d 242, 244 (9th Cir.

22  1990).

23      In this case, Plaintiff's claim of false advertising - were it

24  to make one - would fail because, at a minimum, it does not allege

25  sufficient facts to satisfy the first three elements described above.

26  In particular, there is no allegation of any commercial advertisement

27  at issue here.  Moreover, there is no allegation that there has been

28

-9-

1  any representation by Defendants that has actually deceived or has
2  the tendency to deceive a substantial segment of the audience to any
3  commercial advertisement.  Finally, were such a representation
4  alleged to have been made, there is also no allegation that it would
5  have been material in that it was likely to affect the purchasing
6  decision of the commercial audience.  Therefore, Plaintiff has failed
7  to state a claim for false advertising under section 43(a) of the
8  Lanham Act.
9
10     **E.   Plaintiff's Arguments**
11     Plaintiff's arguments are largely irrelevant to defeating
12  Defendants' motion, appear to confuse the distinction between a claim
13  under sections 1125(a)(1)(A) and 1125(a)(1)(B), and are otherwise
14  unavailing.  First, Plaintiff claims that the Lanham Act is not
15  limited to "palming off" as a result of the 1988 Amendments.  Since
16  those Amendments, Plaintiff contends, the Act encompasses
17  "misrepresentations about the quality of defendant's own goods, even
18  where the misrepresentations do not tend to confuse [his] goods with
19  those of a competitor or otherwise misstate the origin of the good.'"
20  See Plaintiff's Opp'n, at 3.  In support of this argument, Plaintiff
21  relies primarily on a district court case from 1979.[2]  It is unclear
22  how a case from 1979 can support an argument regarding 1988
23  amendments.
24     Nevertheless, it is undisputed that section 43(a) the Lanham
25  Act, as amended, does incorporate more than passing off, as it also
26
27
28
   [2]  See In re Uranium Antitrust Litigation, 473 F.Supp. 393, 408
   (N.D.Ill. 1979).

-10-

1    incorporates reverse passing off, and false advertising.  See Waits

2    v. Frito-Lay, Inc., 978 F.2d at 1108.  However, as discussed above,

3    Plaintiff cannot state a claim for any of those aspects of section

4    43(a).

5         Next, Plaintiff argues that it has standing because all that is

6    required is a "reasonable interest to be protected."  While that is

7    certainly a requirement for standing, it appears that Plaintiff is

8    attempting to convert the requirements for standing into the

9    requirements for a viable Lanham Act claim.  As discussed above, even

10   if Plaintiff would otherwise have standing to bring this action,

11   Defendants have not committed acts covered under the Lanham Act.

12        In other words, even if Defendants did misrepresent the

13   compliance of the DiscZerver product to xStore, that

14   misrepresentation only affected the parties' arms-length purchase

15   transaction.  There is no allegation that such misrepresentation had

16   any broader impact regarding any false association or false

17   advertising of the product.[3]  Therefore, while Plaintiff may

18   certainly have viable claims, such claims are not covered under

19   section 43(a) of the Lanham Act.

20        Finally, Plaintiff argues that, even if the Lanham Act claims

21   were dismissed, there would still be a federal issue because the

22

23        [3] Plaintiff, in an obvious attempt to fit its claims within the
     Lanham Act, asserts in its opposition brief that the public at large
24   was also deceived by Defendants' statements.  Nevertheless, in
     addition to the lack of any factual allegations in the complaint as
25   to how the public would have been aware of Defendant's alleged
     misrepresentations regarding its ownership of the DiscZerver product,
26   there are also no allegations as to why this would have any impact on
     the public's purchasing decision.  Moreover, it seems that this
27   argument would be more suitable to a false advertising claim,
     although Plaintiff's opposition brief only addresses the alleged
28   violation in terms of false association.

-11-

Case 2:01-cv-11058-SVW-SH   Document 47   Filed 05/01/02   Page 12 of 13   Page ID #:28

1  entire action turns on the valid ownership of a copyright.  However,

2  Plaintiff's complaint does not indicate how this is a copyright

3  dispute.  In fact, whether Defendants' owned any copyrights may not

4  even be in dispute.  Rather, the dispute appears to concern what

5  Defendants' actually represented about such ownership to Plaintiff.

6  Furthermore, Plaintiff is not the copyright owner of any of the

7  copyrights at issue, and therefore it could not assert a claim for

8  copyright infringement under the Copyright Act.

9      Thus, it does not appear that a federal question arises from

10  copyright in this case, and the Court's feels that Plaintiff should

11  rethink its position on this issue, particularly considering there is

12  no complete preemption under copyright law.  Nevertheless, while the

13  Court finds it doubtful that a federal question arises out of this

14  action, the Court deems it prudent to allow Plaintiff to amend its

15  complaint and specifically re-plead the copyright question if

16  Plaintiff so desires.

17      Accordingly, the Court hereby dismisses the Lanham Act claim

18  without prejudice, as well as the remainder of Plaintiff's claims

19  pursuant to 28 U.S.C. § 1367 since there are no remaining claims over

20  which this Court has original jurisdiction.

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28

-12-

**IV.   CONCLUSION**

For the reasons discussed above, Defendants' motion to dismiss is GRANTED.  Plaintiff's claims are hereby DISMISSED WITHOUT PREJUDICE and with leave to amend.  Plaintiff has ten days to amend its complaint.


IT IS SO ORDERED.


DATED: _____4/30/02_____


_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE